IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLEMING & ASSOCIATES | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-5783 |
| | § | |
| MILLER AND ASSOCIATES, *et al.*, | § | |
|     Defendants. | § | |

**<u>MEMORANDUM AND ORDER</u>**

This dispute between attorneys is before the Court on the Motion for Summary Judgment [Doc. # 53] filed by Defendants Miller & Associates and Michael J. Miller (the "Miller Defendants") and joined in by Defendants The Ed Williamson Law Firm and Ed Williamson (the "Williamson Defendants"). Plaintiff Fleming & Associates, L.L.P. ("Fleming") filed its opposition to the motion [Doc. # 59], and the Miller Defendants filed a Reply [Doc. # 61].[1]

Applying the "most significant relationship" test, the Court concludes that Mississippi law applies to the contract claim. The Court also concludes that Defendants are entitled to summary judgment on the written contract claim and on the quantum meruit claim regarding attorneys' fees, but concludes that genuine issues of material fact preclude summary judgment on the oral contract claim and the quantum meruit claim regarding expenses.

---

[1]    The Miller Defendants also filed a Motion to Strike portions of Fleming's evidence presented in support of its opposition to the Motion for Summary Judgment [Doc. # 60]. Because the Court has based its ruling only on proper summary judgment evidence, the Motion to Strike will be denied as moot.

**I.     FACTUAL BACKGROUND**

Plaintiff and Defendants are attorneys who represent plaintiffs in fen/phen litigation. Although there is a dispute regarding who first approached whom, it is undisputed that Plaintiff and Defendants met in Mississippi and entered into an agreement to work together on a number of fen/phen cases. The agreement was memorialized in an email on November 1, 2001, which was signed by the participants in the Mississippi meeting. It is undisputed that Plaintiff agreed to work on a Mississippi case involving three plaintiffs (referred to herein as the "*Hampton* case") without receiving any attorneys' fees. The dispute, and this lawsuit, relates to Plaintiff's claim for payment of its expenses incurred in connection with that case.

The *Hampton* case was scheduled for trial in Mississippi in September 2002. It is undisputed that Plaintiff performed legal work to help prepare the case for trial. Shortly after an unsuccessful mediation and just before the September 2002 trial date, the defendant in the *Hampton* case obtained a continuance. Thereafter, the *Hampton* case was settled.

Plaintiff submitted to Defendants for payment a statement of its expenses. When Defendants questioned certain expenses, such as hiring a private jet to fly to Mississippi, Plaintiff submitted an amended statement of reduced expenses which still exceeded $150,000.00. Defendants sent Plaintiff a check for approximately $23,000.00, which Plaintiff returned to Defendants.

Plaintiff then filed this lawsuit. After an adequate time to complete discovery, the Miller Defendants moved for summary judgment. The Williamson Defendants later joined in the Miller Defendants' motion, which is now ripe for decision.

## II.   ANALYSIS

### A.   Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). An issue is material if its resolution could affect the outcome of the action. *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves*

*Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998). The movant meets this initial burden by showing that the "evidence in the record would not permit the nonmovant to carry its burden of proof at trial." *Id*. If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)). A dispute over a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. (quoting *Brenoettsky*, 158 F.3d at 911); *see also Quorum Health Resources, L.L.C. v. Maverick County Hosp. District*, 308 F.3d 451, 458 (5th Cir. 2002).

**B.     Choice of Law**

Plaintiff argues that Texas law should govern its contract claim in this case, and Defendants argue that Mississippi law should apply. The parties agree that analysis of the merits of both the contract claim and the quantum meruit claim would be substantively the same under either state's law, but Texas law would permit Plaintiff to recover its attorneys' fees in this case if it prevails on the breach of contract claim while Mississippi law permits recovery of attorneys' fees only if specifically provided for in the contract at issue.

The parties agree about the legal standards for deciding choice of law issues. "In making a choice of law determination, a federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state, here Texas." *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004) (citing *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). In Texas, state courts use the "most significant relationship" test from the Restatement (Second) of Conflict of Laws for all choice of law cases unless the case involves a contract with a valid choice of law clause. *Id.* (citing *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 420-21 (Tex. 1984)).

The general starting point for choice of law questions is Section 6 of the Restatement, which lists several general factors to be used by courts:

(a)  the needs of the interstate and international systems;
(b)  the relevant policies of the forum;
(c)  the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;
(d)  the protection of justified expectations;
(e)  the basic policies underlying the particular field of law;
(f)  certainty, predictability, and uniformity of result; and
(g)  ease in determination and application of the law to be applied.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6(2).

"The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6." RESTATEMENT (SECOND) CONFLICT OF LAWS § 188(1). Where, as here, there is no valid

choice of law provision in the contract, the contacts to be considered in the § 6 analysis include:

> (a)     the place of contracting,
> (b)     the place of negotiation of the contract,
> (c)     the place of performance,
> (d)     the location of the subject matter of the contract, and
> (e)     the domicile, residence, nationality, place of incorporation and place of business of the parties.

*Id.* § 188(2).

"Texas courts generally follow Section 196 when determining what law applies to a contract for services." *DeShazo v. Baker Hughes Oilfield Operations, Inc.*, 84 Fed. Appx. 407, 412 (5th Cir. 2003) (citing *Pruitt v. Levi Strauss & Co.*, 932 F.2d 458, 461 (5th Cir. 1991)). This section provides:

> The validity of a contract for the rendition of services and the rights created thereby are determined, in the absence of an effective choice of law by the parties, by the local law of the state where the contract requires that the services, or a major portion of the services, be rendered, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which the event the local law of the other state will be applied.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 196.

In this case, the Court's consideration of the relevant factors leads to the conclusion that the law of Mississippi applies to the contract dispute. The alleged contract for Plaintiff to recover its expenses related to expenses incurred in connection with a lawsuit pending in Mississippi. Most of the expenses, particularly the more substantial ones, were incurred either in Mississippi or for travel to Mississippi. Although Plaintiff notes that it performed

much of the legal work in Texas, Plaintiff concedes that there is no contractual basis for it to recover for that legal work. Therefore, the Court concludes that Mississippi is the state with the most significant relationship to the contract claim, as well as being the state where the majority of the claimed expenses were incurred.

### C. Breach of Contract Claim

The essential elements in a suit for breach of contract are: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *Scott v. Sebree*, 986 S.W.2d 364, 372 (Tex. App. – Austin 1998, pet. denied); *Garner v. Hickman*, 733 So. 2d 191, 195 (Miss. 1999). In this case, it is undisputed that Plaintiff incurred expenses in connection with the *Hampton* case.[2] It is also undisputed that Defendants did not pay Plaintiff's expenses and, therefore, that Plaintiff did not receive payment for the expenses it allegedly incurred. The parties' dispute involves whether a contract exists for Defendants to pay Plaintiff's expenses in the *Hampton* case.

Plaintiff has failed to present evidence of a written contract which requires Defendants to pay the expenses Plaintiff incurred in the *Hampton* case. Plaintiff has presented evidence, however, that Defendants agreed orally to reimburse Plaintiff's expenses. Although Defendants strongly dispute Plaintiff's claim of an oral contract to pay Plaintiff's expenses, Plaintiff's evidence raises a genuine issue of material fact regarding the existence of such a contract.

---

[2]  Defendants do, however, dispute the reasonableness of certain of the claimed expenses.

Defendants also argue that any oral contract would be barred by the Statute of Frauds as a contract to pay the debt of another. Defendants note correctly that their representation agreements with their respective clients require the clients to pay any expenses. Plaintiff, however, alleges and presents evidence of an agreement by Defendants themselves to pay Plaintiff's expenses. Plaintiff's position is that the oral contract is for Defendants to pay Plaintiff's expenses. Whether Defendants then charged those expenses to their clients was immaterial to Plaintiff and irrelevant for purposes of the oral contract as described by Plaintiff.

Based on the foregoing, Defendants are entitled to summary judgment on Plaintiff's written contract claim, but genuine issues of material fact exist regarding whether Defendants entered into an oral contract to pay Plaintiff's expenses.

### D.   Quantum Meruit Claim

To avoid summary judgment on a claim of quantum meruit, a plaintiff must present evidence which raises a genuine issue of material fact regarding the following elements:

(1)   that the plaintiff rendered valuable services or furnished materials;
(2)   that the services rendered or materials furnished were undertaken for the person or entity sought to be charged;
(3)   and that the person or entity sought to be charged accepted and enjoyed the services or materials;
(4)   under such circumstances as reasonably notified the person or entity sought to be charged that the plaintiff, in performing the services or providing the materials, expected to be paid by the person or entity sought to be charged.

*C.M. Asfahl Agency v. Tensor, Inc.*, 135 S.W.3d 768, 792 (Tex. App. – Houston [1st Dist.] 2004, no pet.) (citing *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944

(Tex.1990)). "Quantum meruit is based on a promise implied by law to pay for beneficial services rendered and knowingly accepted." *Id.* at 792-93 (citing *Air Conditioning, Inc. v. L.E. Travis & Sons, Inc.*, 578 S.W.2d 554, 556 (Tex. Civ. App. – Austin 1979, no writ)).

As is noted in connection with the breach of contract claim, there is no dispute that Plaintiff incurred expenses in connection with the *Hampton* case. Plaintiff has presented evidence that the expenses were incurred, at least in part, for Defendants' benefit because Defendants would have been required to incur similar expenses if Plaintiff had not. Plaintiff has presented evidence that Defendants accepted and enjoyed the benefit of the expenses Plaintiff incurred and, based on Plaintiff's evidence that Defendants agreed to pay the expenses, that Defendants accepted the benefit of the expenses under circumstances that reasonably notified Defendants that Plaintiff expected to have those expenses reimbursed by Defendants. As a result, Plaintiff has presented evidence which creates a genuine fact dispute precluding summary judgment.

In connection with Plaintiff's quantum meruit claim for attorneys' fees, however, there is no evidence that Defendants were reasonably notified in any manner that Plaintiff expected to be paid fees for its legal services rendered in the *Hampton* case. Indeed, it is undisputed that all parties understood clearly that Plaintiff would not be claiming fees for its legal work. Therefore, to the extent that Plaintiff seeks to recover attorneys' fees through its quantum meruit claim, Defendants are entitled to summary judgment.

## III.     CONCLUSION AND ORDER

The Court concludes that Mississippi has the most significant relationship to the breach of contract claim and, therefore, its law applies in this case.  Plaintiff has not presented evidence of a written contract providing for Defendants to pay its expenses incurred in the underlying litigation and, therefore, Defendants are entitled to summary judgment on the breach of written contract claim.  Plaintiff has presented evidence, however, of an oral contract for Defendants to pay its expenses, an oral contract that is not barred by the Statute of Frauds as a contract to pay another's debt.

Plaintiff has presented evidence to raise a genuine issue of material fact regarding its quantum meruit claim for expenses, but not for attorneys' fees.  Plaintiff and Defendants all understood that Plaintiff was not claiming its attorneys' fees and, therefore, Plaintiff has not shown that Defendants accepted Plaintiff's legal work under circumstances where Defendants knew or should have known that Plaintiff expected to be paid for those services.  It is hereby

**ORDERED** that the Motion to Strike [Doc. # 60] is **DENIED** as moot.  It is further

**ORDERED** that the Miller Defendants' Motion for Summary Judgment [Doc. # 53], joined in by the Williamson Defendants [Doc. # 62] is **GRANTED** as to the written contract claim and the quantum meruit claim regarding attorneys' fees and **DENIED** as to the oral contract claim and the quantum meruit claim regarding expenses.  It is further

**ORDERED** that the parties must complete mediation as required by the Docket Control Order entered June 25, 2004 [Doc. # 34] – with the individual parties and

representatives of the law firm parties appearing in person – in Houston, Texas by **May 20, 2005**.

The case remains scheduled for docket call on **Friday, May 13, 2005 at 4:00 p.m.** The case is scheduled for jury selection and trial beginning **Tuesday, May 24, 2005 at 9:00 a.m.**, subject to a criminal trial (which may be resolved without a trial).

SIGNED at Houston, Texas, this **11th** day of **May, 2005**.

_____
Nancy F. Atlas
United States District Judge